GIBSON *v.* STEADMAN.

Opinion delivered January 30, 1928.

1.  HIGHWAYS—ORDER TO LAY OFF ROAD.—Where the county court had ordered a public road to be laid out along a certain line, adjoining landowners had a right to have the road laid off as ordered, substantial compliance with the order not being sufficient.

2.  JUDGMENT—CONCLUSIVENESS.—On a petition by adjacent landowners to have a public highway laid out according to the order of the county court, wherein defendants pleaded a prior court order relative to the road's location as *res judicata, held* that such prior order, holding that the road was laid out substantially in compliance with the court's order, was not *res judicata* as to the road having been laid out exactly according to the court's order.

3.  HIGHWAYS—COMPLIANCE WITH ORDER OF COURT—EVIDENCE.—On a petition by adjacent landowners to have a highway laid out as

prescribed by the order of the county court, evidence *held* sufficient to sustain a finding and judgment that the highway had not been laid out as ordered by the court.

Appeal from Lawrence Circuit Court, Western District; *S. M. Bone*, Judge; affirmed.

*G. M. Gibson*, for appellant.

*R. C. Waldron*, for appellee.

HUMPHREYS, J.  On September 6, 1926, appellees filed a petition under and by virtue of § 5249 of Crawford & Moses' Digest (act No. 422 of the Acts of 1911) in the county court of Lawrence County, Arkansas, to lay out and establish a public road beginning at the northeast corner of the southeast quarter of the southeast quarter of section 7, township 16 north, range 1 west; thence south on the east line of said southeast quarter, southeast quarter to the southeast corner thereof; thence southwesterly to the west bank of said draw or branch; thence along said bank to the intersection of the Powhatan-Clover Bend Highway.  On October 4, 1926, the county court established a highway along the line designated in the petition, and ordered the road opened, from which an appeal was duly prosecuted to the circuit court by appellants herein.

Appellants filed an answer in the circuit court, pleading as a defense that an order was entered in the county court establishing a public road on identically the same line designated in the petition of appellees herein, and that, pursuant to the order, overseers were appointed and the road laid out, and that as laid out it has since been a public highway; that on February 2, 1925, the county court of Lawrence County made another order, on petition of appellees herein, in which it was recited that said road had been ordered to be laid out in 1899, and ordered the road overseer of Road District No. 5, in which said road was located, to open up said road; that appellants herein appealed from that order to the circuit court, and, on the trial of the cause, the circuit court found that the road had been laid out in substantial conformity to the order of the county court entered of rec-

ord on October 8, 1899; that no appeal was taken from said order; that two such roads are unnecessary; that all matters and things now in issue were in issue in the cause above mentioned, and were adjudicated and decided in the circuit court for the Western District of Lawrence County, Arkansas, at its August term, 1925, and that said order is *res judicata* as to all matters and things attempted to be adjudicated in the present action; said order is especially pleaded as being *res judicata*. Appellants further prayed that the order of the county court of October 4, 1926, be quashed; that the petition of appellees herein be disallowed; and that, in case the order was sustained, appellants herein be allowed damages in the sum of $650, and for all other proper relief.

The cause was heard upon the petition of appellees herein and the answer of appellees herein and the testimony introduced by the respective parties by the court sitting as a jury, which resulted in the following finding and judgment:

"Gentlemen: The court does not undertake to establish a line between these quarter sections, and I do not understand that that is before the court, or that it is necessary for the court to establish that line. I find from the testimony in the case that there is a public necessity for a public road through there between these two quarter sections, between Mrs. Gibson and Mr. Steadman; and that an order of the county court of this county was made in 1899 establishing a public road through there, but it seems that the road was never regularly established and has not been maintained as a regular county road; that it has just been drifting along under present conditions. And it shall be the order of this court that the road be established on the section line, in accordance with the order of the county court made on October 4, 1926, and that that be the only road through there. That the order of 1899 be vacated and set aside, and that any roads now leading through there be changed to follow the section line in compliance with the order of the county court herein appealed from; and that the

proper authorities be directed to open the road and place it on the line in accordance with the order of the county court; and that, in the event of a fence having to be moved which belongs to Mrs. Gibson, the county pay the expense of moving the fence. And the court further finds that the amount of damages allowed in the order of 1899 was to cover damages for the public road that should go through there, and no further damages will be allowed other than the expense of moving the fence.''

From these findings and judgment an appeal has been duly prosecuted to this court.

The testimony introduced by appellees tended to show that, although a road had been laid out and ordered opened along the line designated in appellees' petition, it never had been actually opened; that, although appellants herein had received an allowance of damages in the sum of $40 for the land supposed to be taken under the county court's order of 1899, they had never moved back their fence, and that the road remained and was used just as it had been prior to the order of 1899 opening the road on the section line; that several surveys had been made to ascertain where the section line was, but that said line was never definitely located and the road opened on said section line in accordance with the order.

All orders of the county and circuit courts pertaining to laying off the road were introduced in evidence by appellants herein, as well as evidence tending to show that the road had been actually laid off and opened in accordance with the order of 1899. Appellants also introduced testimony tending to show that, if the road as actually used is not on the section line, and if, when moved, it should take a strip off of appellants' forty, the land thus taken would be worth, at the time of the trial of the cause, $650.

If, according to the contention of appellants, the road is actually on the section line, in accordance with the order of 1899, for taking it appellants received damages in the sum of $40, they would not be damaged in the least

by re-establishing the road on the lands already occupied by it. The order opening it would be a matter of form, and could not result in any damage whatever to them.

If, on the other hand, appellants received compensation for a road on the section line, which the undisputed evidence showed they did, they would have no right to retain this money and refuse to allow the road to be actually opened on the line designated, unless the matter at issue had once been litigated between the same parties and adjudged to have been opened on the line designated in the order of 1899. Appellants insist that this is exactly what was done, and that all matters now at issue in this proceeding are *res judicata* under the judgment of the circuit court of 1899, on an appeal from the county court's order that the road be opened by the road overseer of that district. The order and judgment of 1899 relied upon by appellants does not say that the road was laid off exactly on the line designated in the order of the county court of 1899. The court only found and decreed that the road was laid off in substantial conformity thereto. Appellees had a right to have the road laid off exactly on the line, and this, we understand, is what they attempted to do in their petition filed in 1926, upon which the judgment and the order of the circuit court is based, from which they are now appealing.

There is ample evidence in the record to sustain the finding and judgment of the circuit court from which this appeal is prosecuted.

The judgment is therefore affirmed.